**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| ARTHUR BROOKS AND KATHERINE BROOKS AS NATUAL GUARDIANS AND NEXT FRIEND FOR B.B., A MINOR., <br><br> Plaintiffs, <br><br> v. <br><br> AMAZON.COM, INC.; AMAZON.COM SERVICES, INC.; and SPORTKEE BROTHER, LLC, <br><br> Defendants. | C/A No.: _____ <br><br><br> **COMPLAINT** <br> **(Jury trial demanded)** |

Plaintiffs allege as follows:

**Introduction:**

1.      In April 2024, Plaintiffs' son, B.B., was severely burned when rubbing alcohol was poured onto a portable fire pit sold by Defendants. The fire pit was sold to a reviewer selected by Defendants. During the reviewer's test of the fire pit, for Defendants' benefit, fuel vapors ignited and flashed back inside the rubbing alcohol container.  The resulting pressure buildup inside the rubbing alcohol container caused a phenomenon known as flame jetting and sprayed burning rubbing alcohol onto B.B.'s head, neck, trunk, arms, and hands.  The spraying of burning rubbing alcohol onto B.B. resulted in severe burns to the minor child.

1

**Parties and jurisdiction:**

2.     Plaintiffs, Arthur Brooks and Katherine Brooks, are the natural guardians and parents of B.B., a minor, and are citizens and residents of Spartanburg County, South Carolina.

3.     Defendant Amazon.com, Inc. (AMZ) is a Delaware corporation with its principal place of business in the state of Washington and may be served with process through its registered agent Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808.

4.     Defendant Amazon.com Services, Inc. (AMZS) is a Delaware Corporation with its principal place of business in the state of Washington and may be served with process through its registered agent Corporation Service Company 251 Little Falls Drive, Wilmington, DE 19808.

5.     Defendant Sportkee Brother, LLC (Sportkee) is a Delaware entity that may be served with process through its registered agent Harvard Business Services, Inc. 16192 Coastal Highway, Lewes, DE 19958.

6.     Plaintiffs and the Defendants are of different citizenship and no Defendant is a citizen of South Carolina.

7.     The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

8.     This court has jurisdiction under 28 U.S.C. § 1332.

9.     This court has personal jurisdiction over these Defendants based on the following in-state conduct:

2

a. Transacting business in South Carolina by processing a consumer transaction with the Desai family (Plaintiffs' neighbors) while they were in South Carolina;

b. Contracting to ship products to South Carolina by processing a consumer transaction with the Desai family and shipping products to them in South Carolina; and

c. The manufacture or distribution of goods to South Carolina with the knowledge and reasonable expectation that those goods would be used in South Carolina.

d. Owning property and doing business in South Carolina.

**Factual allegations:**

10.    Sportkee markets, distributes, and sells portable table to fire pits including the one at issue in this case ("subject fire pit").

11.    AMZ and / or AMZS market, sell, process, warehouse, and / or ship Sportkee's products, including the subject fire pit.  A picture of a container from one of these Sportkee fireplaces is included below:



12. AMZ and / or AMZS provide an online marketplace through which Sportkee sells its products to consumers through the U.S.

13. To the consumer, like Plaintiff's neighbors the Desai family, AMZ and / or AMZS are a critical part of the transaction – serving as the sole means of marketing, communication, distribution, returns, or customer service contact.

14. Sportkee and AMZ and / or AMZS operate under the Amazon Services Business Solutions Agreement (BSA).

15. Through the BSA, AMZ and / or AMZS require Sportkee to price goods sold on Amazon.com to be at least as favorable to Amazon site users as the most favorable terms offered by Sportkee elsewhere.

16. AMZ and / or AMZS provide processing for all goods sold by Sportkee including the subject fire pit.

17. AMZ and / or AMZS charge service fees for its role in the transaction.

18. AMZ and / or AMZS charged Sportkee a service fee for the sale of the subject fire pit to the Desai family.

19. AMZ and / or AMZS also charge referral fees – a percentage of the sale price per item sold by Sportkee.

20. AMZ and / or AMZS charged Sportkee a referral fee for the sale of the subject fire pit to the Desai family.

21. AMZ and/or AMZS and Sportkee all benefited by Sonal Desai agreeing to test and post reviews of the subject fire pit.

22. Under the BSA, AMZ and / or AMZS require all communications between Sportkee and purchaser of Sportkee products be routed through Amazon.

23.     Under the BSA, AMZ and / or AMZS reserve the right to control in their sole discretion the content, appearance, design, functionality and all other aspects of the product pages for Sportkee products.

24.     Under the BSA, AMZ and / or AMZS requires Sportkee to maintain liability insurance naming Amazon as an additional insured.

25.     Under the BSA, AMZ and / or AMZS requires Sportkee to indemnify them for any liability arising from products sold through Amazon.com.

26.     Under the BSA, AMZ and / or AMZS requires Sportkee to ensure and certify that its products comply with any applicable laws and notify AMZ and / or AMZS of any public or private recall of their products.

27.     Under the BSA, AMZ and / or AMZS has the power to require Sportkee to provide AMZ and / or AMZS with any product certification or product standards certification applicable to Sportkee's products.

28.     AMZ and / or AMZS independently monitor safety recalls and other safety issues related to products sold on its online marketplace.

29.     On December 10, 2023, the Desai family placed order number 113-2952387-4413025 through AMZ and / or AMZS's online marketplace, Amazon.com, for the subject fire pit.

30.     Upon Information and Belief, Sonal Desai was able to purchase the subject fire pit because she was individually selected by Defendant AMZ and/or AMZS to review certain products for their benefit.

31.     Upon information and belief, AMZ and / or AMZS  provided the subject fire pit to the Desai family in exchange for Sonal Desai's agreeing to test and review the product for AMZ and/or AMZS and Sportkee.

32.     AMZ and / or AMZS then notified Sportkee of the Desai family's order and required Sportkee to provide it with the shipping information for the product.

33.     Upon information and belief, the Desai family received purchase confirmation emails from AMZ and / or AMZS regarding the transaction.

34.     Upon information and belief, the Desai family received shipping confirmation emails from AMZ and / or AMZS regarding the shipment of the product.

35.     On information and belief, the product was delivered by Amazon in an Amazon package.

36.     In providing the subject fire pit, AMZ and/or AMZS were aware or should have been aware of the risks the subject fire pit posed including the risks created by one of their selected reviewers misusing the subject fire pit in a foreseeable manner.

37.     On information and belief, AMZ and/or AMZS failed to reasonably ensure Mrs. Desai could operate the fire pit in a safe manner.

38.     Once the subject fire pit arrived, Sonal Desai used the fire pit in a foreseeable manner.

39.     On April 13, 2024, Sonal Desai was roasting marshmallows in the subject fire pit for several children including B.B.

40.     At some point, the fire appeared to go out, and Mrs. Desai went to refuel it with rubbing alcohol.

41.     As Mrs. Desai poured the rubbing alcohol into the fire pit, the alcohol ignited and flashed back into the rubbing alcohol container.

42.     The resulting pressure buildup inside rubbing alcohol container resulted in a spraying of ignited rubbing alcohol out of container and onto Plaintiffs' son, B.B. who was severely burned.

43.     The spraying of burning liquid alcohol onto B.B. resulted in catastrophic burns over a large portion of his body.

44.     The subject fire pit sold by Defendants was defective and unsafe for foreseeable purposes at the time it left control of the Defendants in that the fire pit was not sold with a fuel container containing a flame arrestor, a necessary safety device that would have prevented the ignition of the liquid fuel and the resulting injuries.

45.     The subject fire pit sold by Defendants was also defective and unsafe for foreseeable purposes at the time it left control of the Defendants in that the fire pit's warnings and instructions encouraged the use of rubbing alcohol as a fuel source without instructing the consumer to only use fuel sources containing flame arrestors, and without warning the consumer of the danger of a flashback flame jetting event.

46.     Prior to the sale of the subject fire, the Defendants knew or should have known that fuel containers that lack flame mitigation devices are susceptible to flashback ignitions and flame jetting.

47.     Prior to the sale of the subject fire pit, AMZ and / or AMZS sold bio ethanol fuel products for use in table top fire pits that contain flame arrestors designed to prevent the very injuries that B.B. sustained.  The flame arrestor from one of these products is pictured below:

7



48.    Prior to sale of the subject fire pit, there was a wealth of information available in the public domain about flame mitigation devices, patents for flame mitigation devices from the 1800's, consumer safety articles discussing the need for flamer arrestors, the catastrophic burn injuries that result from preventable fire pit flame jetting events, and the relatively cheap alternative designs that can prevent injuries such as those suffered by B.B. *See* for example, www.notyourturntoburn.com.

49.    Furthermore, upon information and belief, AMZ and/or AMZS was aware of other lawsuits and other consumers who were injured by similar products such as the Colsen-branded tabletop fire pit via at least 19 reported burn injuries to the Consumer Product Safety Commission involving flame jetting which is what injured B.B.

50.    Defendants were either aware of the information listed above or turned a blind eye toward and ignored this important information about the safety of products they sell.

51.    With this safety information readily available, Defendants recklessly chose to sell the subject fire pit without a fuel container with a flame mitigation device and without

adequate warnings knowing someone like B.B. would be catastrophically injured when using the subject fire pit in a foreseeable manner.

52.    AMZ and/or AMZS:

(a) selected the unreasonably dangerous product to be tested and reviewed by Mrs. Desai; and

(b) sent the subject fire pit to Mrs. Desai, who was untrained, with faulty instructions.

These actions created the inevitable scenario of B.B. being horrifically burned when Mrs. Desai used the subject fire pit in a foreseeable way.

53.    As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff's son, B.B. suffered severe and catastrophic burns from the burning alcohol.

54.    These injuries required reasonable and necessary medical treatment at considerable expense and will require future medical care.

55.    As a result of these injuries, B.B. has suffered extensive physical and mental pain and suffering.

56.    Upon information and belief, Defendants blame Sonal Desai for B.B.'s injuries.

57.    Upon information and belief, Defendants maintain that Sonal Desai was negligent and that her negligence was the cause of B.B.'s injuries.

**Causes of action:**

**One:          Strict products liability as to Sportkee**

58.    Plaintiffs incorporate all prior paragraphs.

59.    Sportkee is a seller of the subject fire pit as that term is defined in S.C. Code § 15-73-10 et seq.

9

60.     Sportkee sold the subject product in a defective condition that was unreasonably dangerous to B.B.  Consideration for this sale was Sonal Desai's agreeing to test and review the product which benefited Sportkee.

61.     At the time B.B. was injured, the subject fire pit had not been modified or altered in any way since that time the Desai family received it from AMZ and / or AMZS and Sportkee.

62.     The product was defective in design, formulation, and warning in the following respects:

   a.     The Subject Fire Pit sold by Defendants was defective and unsafe for foreseeable purposes at the time it left control of the Defendants in that the fire pit was not sold with a fuel container containing a flame arrestor, a necessary safety device that would have prevented the ignition of the liquid fuel and the resulting injuries;

   b.     The subject fire pit sold by Defendants was also defective and unsafe for foreseeable purposes at the time it left control of the Defendants in that the fire pit's warnings and instructions encouraged the use of rubbing alcohol as a fuel source without instructing the consumer to only use fuel sources containing flame arrestors, and without warning the consumer of the danger of a flashback fuel jetting event (a well-known hazard); &

   c.     Any other design or warning defects revealed in discovery.

63.     At the time the product was sold, feasible alternative designs existed that would eliminate the unreasonable dangerousness and risk of harm associated with the subject fire pit.

64.     Had Sportkee incorporated such alternative designs and/or included necessary warnings, B.B. would not have been injured.

65.     As a direct and proximate result of these defects, B.B. was badly injured.

**Two:          Strict liability as to AMZ and / or AMZS**

66.     Plaintiffs incorporate all prior paragraphs.

67.     AMZ and / or AMZS facilitated the marketing and sale of the product in the following respects:

     a.     Sole point of purchase for the subject fire pit;

     b.     Received, accepted, and facilitated the order for the subject fire pit;

     c.     Receipt of service and reviews from the Desai family in exchange for the subject fire pit;

     d.     Confirmed the transaction and shipment of the subject fire pit to the Desai family;

     e.     The Desai family's only point of contact for the purchase of subject fire pit;

     f.     Selected the Desia family as a qualified reviewer;

     g.     Selected the subject fire pit as a potential product for review; and

     h.     Approved Mrs. Desai as an appropriate reviewer for this product.

68.     AMZ and / or AMZS held themselves out as the face and a critical component of this transaction.

69.     AMZ and / or AMZS do not even provide contact information or a domestic address for Sportkee for purchasers like the Desai family to address their product concerns.

11

70.     AMZ and / or AMZS are the sole contact point for this transaction.

71.     In addition, the Desai family's purchase of the subject fire pit was subject to AMZ and / or AMZS's "A-to-z Guarantee."

72.     Under the "A-to-z Guarantee," AMZ and / or AMZS accepts responsibility for facilitating the resolution of its customer's product defect personal injury claims such as this.

73.     AMZ and / or AMZS are also sellers of the subject fire pit as that term is defined in S.C. Code § 15-73-10 et seq.  The consideration for receiving the subject fire pit was Mrs. Desai's agreement to test and review the product.

74.     With respect to the subject transaction, AMZ and / or AMZS were also the apparent agents of Sportkee in the following ways:

    a.     AMZ and / or AMZS held themselves out as having the permission of Sportkee to conduct the sale of the subject fire pit;

    b.     AMZ and / or AMZS held themselves out as having the permission of Sportkee to accept payment for the subject fire pit;

    c.     AMZ and / or AMZS held themselves out as having the permission of Sportkee to facilitate the timely and prompt shipment of the subject fire pit to the Desai family;

    d.     The Desai family, upon information and belief, relied on AMZ and / or AMZS that they had the permission of Sportkee to process the transaction;

    e.     The Desai family upon information and belief, relied on AMZ and / or AMZS's "A-to-z Guarantee" that AMZ or AMZS took responsibility to resolve problems they might have with Sportkee's product; and

12

     f.     The Desai family, upon information and belief, believed this transaction was safe and secure as it was being made through one of the world's largest sellers of consumer products.

75. AMZ and / or AMZS sold the subject product in a defective condition that was unreasonably dangerous to end users like B.B.

76. The defective condition was not apparent or known to the Desai family.

77. At the time, B.B. was injured, the subject fire pit had not been modified or altered in any way since that time the Desai family received it from AMZ and / or AMZS and Sportkee.

78. The subject fire pit was defective in design, formulation, and warning in the following respects:

     a.     The subject fire pit sold by Defendants was defective and unsafe for foreseeable purposes at the time it left control of the Defendants in that the fire pit was not sold with a fuel container containing a flame arrestor, a necessary safety device that would have prevented the ignition of the liquid fuel and the resulting injuries;

     b.     The subject fire pit sold by Defendants was also defective and unsafe for foreseeable purposes at the time it left control of the Defendants in that the fire pit's warnings and instructions encouraged the use of rubbing alcohol as a fuel source without instructing the consumer to only use fuel sources containing flame arrestors, and without warning the consumer of the danger of a flashback fuel jetting event (a well-known hazard); &

     c.     Any other design or warning defects revealed in discovery.

79. At the time the product was manufactured, feasible alternative designs and warnings existed that would eliminate the unreasonable dangerousness and risk of harm associated with the subject fire place.

80. As a direct and proximate result of these defects, B.B. was badly injured.

**Three:    Negligence as to Sportkee**

81. Plaintiffs incorporate all prior paragraphs.

82. That Defendant Sportkee, having undertaken to design, manufacture, distribute, and sell portable fire pits, had a duty to do so in a reasonably safe manner.

83. That Defendant Sportkee breached this duty and was negligent, reckless, willful, and wanton in the following respects:

   a. Failed to exercise due care when it designed, assembled, manufactured, distributed, marketed, and placed the unreasonably dangerous portable fire pit, into the stream of commerce when Defendant Sportkee knew, or should have known, it was unreasonably dangerous and unsafe for use;

   b.  Failed to guard against hidden or latent defects;

   c. Designed and sold a portable fire pit, the subject fire pit, with inadequate warnings and/or instructions as to the hazards and/or risks involving ignition of fuel vapors with flames escaping back into the pouring containers resulting in flashback fuel jetting;

   d. Failed to include a pouring container with a flame mitigation device/flame arrester despite the economic feasibility of the inclusion of the flame arresters/flashback arresters in a portable fuel containers;

e. Knew, or had reason to know, that the product is dangerous for its intended use;

f. Failed to exercise that degree of care that a reasonably prudent person would have exercised under the same or similar circumstances;

g. Despite knowledge of such dangers, Sportkee intentionally and knowingly chose not to take action and failed to take proper precautions to make said portable fire pit safe; and

h. Being otherwise negligent, reckless, willful, and wanton as will be revealed through discovery.

84. As a direct and proximate result of the negligence, recklessness, willfulness, and wantonness of Defendant Sportkee, the subject fire pit caused B.B. to suffer severe and catastrophic burn injuries over a large portion of his body.

85. As a direct and proximate result of the negligence, recklessness, willfulness, and wantonness of Defendant Sportkee, Plaintiff B.B. has suffered severe physical pain, disability, scarring, and disfigurement; mental anguish, permanent emotional scarring, psychological trauma, and loss of enjoyment of life.

**Four:        Negligence as to AMZ and / or AMZS**

86. Plaintiffs incorporate all prior paragraphs.

87. For the same reasons set forth in Cause of Action two, AMZ and / or AMZS are sellers of the subject fire pit.

88. AMZ and/or AMZS owed a duty to foreseeable persons like B.B. to exercise due care in selecting and sending products to its reviewers, like Mrs. Desai, to only send safe products to be tested.

15

89.    AMZ and/or AMZS owed a duty to foreseeable persons like B.B. to only select testers who strictly adhered to product warnings for testing that benefited AMZ and/or AMZS.

90.    AMZ and/or AMZS owed a duty to foreseeable persons like BB to reasonably ensure reviewers would not misuse the products sent to the reviewers by AMZ and/or AMZS.

91.    AMZ and/or AMZS owed a duty to foreseeable persons like BB to not select unreasonably dangerous products as a potential product for its reviewers to review.

92.    AMZ and / or AMZS breached this duty and were negligent and grossly negligent in the following respects:

   a.  Failing to ensure the subject fire place included safety devices present on other products sold by AMZ and/or AMZS;

   b.  Failing to properly vet Sportkee and its products prior to entering into a BSA with them;

   c.  Failing to properly vet Sportkee's products prior to making them available for purchase on Amazon.com;

   d.  Failing to properly vet Sportkee's products prior to making them available for review through its reviewer program; Selling a product without sufficient warnings and without a pouring container including a flame arrestor

   e.  Negligently selecting Mrs. Desai to test the subject fire pit for them without ensuring that she was properly trained to do so and without making sure she strictly followed all warnings and instructions accompanying the product; &

   f.  Any other negligent or grossly negligent act revealed in discovery.

93.    As a direct and proximate result of these actions, B.B. was badly injured.

**Five:          Breach of implied warranty of merchantability as to all Defendants**

94.    Plaintiffs incorporate all prior paragraphs.

95.    Prior to, and at all times mentioned herein, Defendants impliedly warranted that the subject fire pit was properly designed and manufactured, that it was of merchantable quality and reasonably fit for the ordinary purposes for which fire pits are used, and that it was safe for such use.

96.    The subject fire pit and/or the design thereof was defective, unreasonably dangerous, unfit for the purposes for which it was ordinarily used, and did not conform to Defendants' implied warranty, whereby the Defendants breached the implied warranty.

97.    As a direct and proximate result of the Defendants' breach of the implied warranty, B.B. suffered severe burn injuries and Plaintiffs incurred recoverable damages.

98.    As a direct and proximate result of the Defendants' breach of the  implied warranty, Plaintiff B.B. has suffered severe physical pain, disability, scarring, and disfigurement; mental anguish, permanent emotional scarring, psychological trauma, , and loss of enjoyment of life; and Plaintiffs have incurred other recoverable damages.

## CAUSATION AND DAMAGES

99.    Plaintiffs incorporate all paragraphs above as if fully stated herein.

100.    Defendants caused B.B. significant injury as a result of the negligence and other tortious conduct set forth herein.  Plaintiffs demand money damages consistent with South Carolina law for the harm inflicted by Defendants, including, but not limited to the following:

        i.  Past and future cost of medical care;

17

ii.  Past and future loss of wages, entitlements, support and other recoverable economic losses;

iii.  Past and future emotional distress;

iv.  Past and future pain and suffering; and

v.  Such further damages as will be proven at the trial of the case.

101.  Furthermore, Defendants' conduct in knowingly selling the subject fire pit without a flame mitigation device in a pouring bottle and without sufficient warnings despite the knowledge of other victims with similar injuries and the inexpensive ability to prevent such injurie was reckless, willful, wanton, and without due regard for the safety of others.  Therefore, punitive damages should be assessed against the Defendants for this conduct.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.  For actual damages according to proof;

B.  For compensatory damages as permitted by law;

C.  For punitive damages as determined by the trier of fact;

D.  For all costs of Court; and

E.  For such other relief as is just and proper.

*[SIGNATURE BLOCK ON FOLLOWING PAGE]*

18

Respectfully,                           **RICHARDSON THOMAS, LLC**

By:      _s/Brady R. Thomas_____
                     Brady R. Thomas (FBN: 9623)
                     brady@richardsonthomas.com
                     William C. Lewis (FBN: 12076)
                     will@richardsonthomas.com
                     1513 Hampton Street
                     Columbia, South Carolina 29201
                     T: (803) 281-8150

                     ***Attorneys for the Plaintiffs***


Dated: October 28, 2024

Columbia, SC

19